UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD W. KITCHEN,

        Plaintiff,         Civil No. 05-10085-BC
v.         Hon. David M. Lawson
        Magistrate Judge Charles E. Binder

JUDGE SCOTT PAVILICH and JUDGE
ROBERT BUTTS,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S PETITION FOR LEAVE TO CLARIFY AND AMEND COMPLAINT, DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT, AND DISMISSING MATTER WITH PREJUDICE

The plaintiff filed this case against two state court judges alleging various civil rights claims arising out of the defendants' judicial duties. The plaintiff alleges that certain orders issued by the defendants impacted the plaintiff's civil rights. On March 24, 2005, this Court referred the matter to Magistrate Judge Charles E. Binder for general case management. On April 1, 2005, Magistrate Judge Binder filed a report and recommendation in which he recommended that the matter be dismissed *sua sponte* because the complaint is frivolous. The magistrate judge reasoned that the defendants' enjoy absolute judicial immunity, and therefore the plaintiff's complaint is devoid of merit.

On April 12, 2005, the plaintiff filed an objection to the magistrate judge's report and recommendation and a petition for leave to clarify and amend the complaint. However, the plaintiff has not furnished a proposed amended complaint. Nor has the plaintiff explained how he could clarify his allegations to avoid the obvious defense of absolute judicial immunity.

Moreover, pursuant to 28 U.S.C. § 636(b)(1), a party objecting to a magistrate judge's report must make "specific objections" in order to preserve the issues and invoke the Court's obligation to conduct a *de novo* review. *See Smith v. Detroit Federation of Teachers Local 231*, *American Federation of Teachers AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). "[M]aking some objections but failing to raise others will not preserve all of the objections a party may have." *Ibid* (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).

The plaintiff's objections in this case merely state that he is "untrained in the law and has been subject to *public propaganda* and wishes to clarify and make known his reasons for bringing this complaint." Pl.'s Obj. at 1. The plaintiff's objections fail to address the critical issue of absolute judicial immunity that was clearly explicated and correctly applied by the magistrate judge in this case.

The Court observes that after the magistrate judge filed his report and recommendation, counsel for the defendants' filed a motion to dismiss under Fed. R. Civ. P. 12(b) alleging both absolute judicial immunity and Eleventh Amendment immunity. In light of the magistrate judge's recommendation and this Court's disposition of the matter, however, that motion is moot.

The Court finds that the magistrate judge correctly applied governing law in reaching his conclusion, and, after a *de novo* review of the matter, the Court agrees with the reasoning and result of the magistrate judge.

Accordingly, it is **ORDERED** that magistrate judge's report and recommendation is adopted.

It is further **ORDERED** that the plaintiff's petition for leave to clarify and amend the complaint [dkt #10] is **DENIED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt # 7] is **DENIED AS MOOT**.

It is further **ORDERED** that complaint is dismissed with prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 19, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS